## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBIN BUNLEY** | **CIVIL ACTION** |
| **versus** | **NO. 06-2941** |
| **JOHNNIE JONES, WARDEN** | **SECTION: "D" (6)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE as untimely**.

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Robin Bunley, is a state prisoner incarcerated at the Louisiana Correctional Institute, St. Gabriel, Louisiana. Bunley was indicted, along with co-defendant Ricky Coston, with first degree murder.[2] On July 18, 1998, she was convicted of second-degree murder in violation of La. R.S. 14:430.1.[3] On August 21, 1998, she was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[4] On December 12, 2001, the Louisiana Fourth Circuit Court of Appeal affirmed her conviction.[5] The Louisiana Supreme Court denied her related writ application on January 24, 2003.[6]

On or about April 13, 2004, petitioner filed with the state district court an application for post-conviction relief.[7] That application was denied on January 11, 2005.[8] On or about February

---

[2] State Rec. Vol. 3 of 13.

[3] State Rec., Vol. 1 of 13, docket master entry dated July 18, 1998; see also court minute entry of July 18, 1998.

[4] State Rec., Vol. 1 of 13, transcript of sentencing; see also docket master entry dated August 21, 1998.

[5] *State v. Bunley*, 805 So.2d 292 (La. App. 4th Cir. 12/12/01)(2000-KA-0405)

[6] *State v. Bunley*, 836 So.2d 41 (La. 1/24/03)(No. 2002-KH-0505).

[7] Petitioner concedes that she filed her application for post-conviction relief with the trial court on April 13, 2004. See page 10 of her Memorandum attached to Petition. A dated and/or stamped copy of the original PCR could not be found in the state court record. The state does not object to petitioner's contention that April 13, 2004 was the filing date. See p.1 of State's Response to Habeas Corpus petition, Rec. Doc. 7.

[8] In a document dated January 11, 2005, a court minute entry states that: "This court received defendant's application for postconviction relief and motion for contradictory hearing with the district attorney which the court denies as defendant's claims are without merit. Therefore, the motion is denied." A copy of this minute entry was sent to petitioner Bunley at the Louisiana Correctional Institute for Women. See State Rec. Vol. 13 of 13.

9, 2005, Bunley filed a request for supervisory writ with the Louisiana Court of Appeal, Fourth

Circuit, asking that court to review the trial court's January 11, 2005 decision.[9]  Petitioner's writ

application was subsequently denied by the appellate court on March 24, 2005.[10]  Petitioner then

requested supervisory review from the Louisiana Supreme Court, filing a writ application with that

court sometime between July 2, 2005 and July 6, 2005.[11]  The Louisiana Supreme Court denied the

request on April 24, 2006 in one word, "Denied".[12]

On or about May 15, 2006,[13] petitioner filed the instant federal habeas corpus

application, raising eighteen claims for relief.  The state contends that petitioner's federal application

is untimely.[14]  The state is correct.

---

[9]Again, the actual date the application to the Fourth Circuit was tendered is unknown however Bunley claims in her petition and it is found on a writ application filing sheet that the application was "filed" on February 9, 2005. The stamped date on the application indicates that the application was received on February 16, 2005. The court applies the February 9, 2005 date offered by Bunley as the state does not contend that the writ application was untimely filed.

[10]State Rec. Vol. 13 of 13, Judgment dated March 24, 2005 in Writ No. 2005-K-0235.

[11]The application is signed and dated by Bunley on July 2, 2005. The correctional facility dated the mail on July 6, 2005 and the pleading was received by the Louisiana Supreme Court on July 17, 2005. See Writ Application 2005-KH-2091 at State Rec. Vol. 13 of 13.

[12] *State ex rel. Bunley*, 926 So.2d 538 (La. 4/24/06) (No. 2005-KH-2091).

[13]Bunley's federal petition for habeas relief is signed and the date reflected there is May 12, 2006. See Fed. Rec. Doc. 1-2. However, the petition was mailed simultaneously with her pauper application and her "Statement of Account".  Bunley signed and dated the pauper application attached to her federal petition as of May 10, 2006. However, the prison certification of her "Statement of Account" was not performed until May 15, 2006.  Thus, Bunley could not have tendered the application to her prison custodian for mailing sooner than May 15, 2006. See Fed. Rec. Doc. 1, "Application to Proceed Without Prepayment of Fees and Affidavit". The postmark date on the mailing envelope for the federal habeas application is May 17, 2006. See Fed. Rec. Doc. 1-2.

[14]Fed. Rec. Doc. 7.

<u>Analysis</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring her Section 2254 claims within one (1) year of the date on which her underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[15]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on January 24, 2003. Therefore, under § 2244(d)(1)(A), Bunley's conviction became "final" ninety (90) days later, i.e., on April 24, 2003, when her period expired for seeking a writ of certiorari from the United States Supreme Court. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Chester v. Cain*, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); *see also* U.S. Sup. Ct. R. 13(1). Accordingly, petitioner's one-year period for seeking federal *habeas corpus* relief commenced on that date, and expired one year later, on April 24, 2004, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

---

[15]Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

In the instant case, three hundred and fifty-five (355) days of the federal limitations period elapsed prior to being tolled on April 13, 2004, by the filing of petitioner's state post-conviction application with the state district court. Although that application was denied, tolling would continue uninterrupted through the appellate process, so long as appellate review was sought in a timely manner. *Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 769-70 (5th Cir. 2004). Petitioner's related request for supervisory writs to the Louisiana Court of Appeal, Fourth Circuit, appears to have been timely filed on February 9, 2005,[16] thus tolling would continue at least until the time to appeal the ruling from the state appellate court had expired, or thirty days[17] from the March 24, 2005 decision.[18] Petitioner's request that the state's highest court review this March 24, 2005 decision, however, was untimely filed, as petitioner did not file the request until 101 days after March 24, 2005. Therefore, petitioner's federal limitations period one again commenced to run as of April 24, 2005 and expired ten days later, on May 3, 2005, making the federal petition untimely.

Petitioner claims, however, that the court should excuse the untimely filing to the Louisiana Supreme Court under the doctrine of equitable tolling and that the AEDPA deadline should be extended accordingly. The United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, *in rare and exceptional circumstances*, be equitably tolled. *See*

---

[16]The State does not contend that this filing was untimely.

[17]Louisiana Supreme Court Rule 10, Sec. 5 provides for a period of thirty days in which to seek review of a judgment of the Court of Appeal either after an appeal to that court, or the denial of a writ application, or after the denial of a rehearing.

[18]See footnote 10 herein.

*Felder v Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.2d 872, 875 (5th Cir. 2006). "'[E]quity is not intended for those who sleep on their rights.'" *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)). Petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner argues that she could not timely file her writ request with the Louisiana Supreme Court because she did not receive notice of the lower appellate court's ruling until June 7, 2005, 75 days after the Louisiana Court of Appeal, Fourth Circuit had ruled on her post-conviction application. As proof of this contention, petitioner has supplied the court with a May 23, 2005 letter which she sent to the Louisiana Fourth Circuit inquiring about the status of her application. She has also provided the court with a copy of the response she received from that court on June 1, 2005, providing her with a copy of the March 24, 2005 decision.[19]

"Long delays in receiving notice of state court action may warrant equitable tolling." *Hardy v. Quarterman*, – F.3d –, 2009 WL 2357023, *2 (5th Cir., 8/3/09), citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). To warrant tolling under such circumstances, a petitioner must show that she "pursued the [habeas corpus relief]

---

[19]See Exhibits attached to Fed. Rec. Doc. 8.

process with diligence and alacrity" *both before and after* receiving notification. *Id.* (emphasis added).

In this case, it is questionable whether one could characterize the 75 day delay in notice to petitioner of the state court decision as a "long delay". Petitioner sent her request for a status update to the state court pretty quickly as she filed her application in February of 2005 and sent her inquiry by mail in May of 2005. Whether such a short delay would qualify as a rare and exceptional circumstance as required for equitable tolling is thus debatable. However, accepting, *arguendo*, petitioner's claim that this delayed-notice is responsible for her untimely state filing, the court still cannot find petitioner entitled to equitable tolling. As the Fifth Circuit has instructed, petitioner must also show that she was otherwise diligent in her pursuit of relief. To this end, the court finds that Bunley was not diligent. The record shows that she waited 355 days after the Louisiana Supreme Court denied her direct appeal before she even attempted to file her first state post-conviction proceeding with the state district court. Thus it is *this* lengthy delay, rather than the 75 days delay in notice, that brought Bunley to the brink of an untimely filed federal habeas application. Waiting such an inordinate amount of time before seeking state post-conviction relief left her with a mere ten days within which to seek *all* further relief, both state and federal. On this basis alone, the court is compelled to deny equitable tolling.

Moreover, even if the court were inclined to suspend the limitations period by 75 days to account for the delay in notice of the state court decision, petitioner would still be untimely. Petitioner claims that she did not receive notice of the state court decision until June 7, 2005. However, at that point, *knowing that her post-conviction efforts may be subsequently barred as*

*untimely*, she waited an additional 26 days before filing her writ application with the Louisiana Supreme Court on or about July 2, 2005. She also waited 22 more days after the Louisiana Supreme Court denied her request on April 24, 2006 to file her federal petition (filed on May 15, 2006).

At this juncture, petitioner argues that the prison law library was closed on April 30th, 2006 and on May 7th, 2006 and that the library hours were somewhat limited between April 25, 2006 through May 12, 2006.[20] However, petitioner does not allege what particular resources she was lacking or any information that she needed to complete her habeas application that she did not otherwise have.[21] Two days of inaccessibility and a limited prison library schedule is not a rare and exceptional circumstance sufficient to warrant equitable tolling. Moreover, since petitioner's lengthy (731 pages, including exhibits) federal habeas petition is essentially a repetition of what was already filed in the state courts, the court does not find that the limited library access complained of would have substantially effected petitioner's ability to timely file in federal court. *See e.g., Marsh v. Soares*, 223 F.3d 1217 (10th Cir. 2000)(rejecting claim for equitable tolling based upon 15 day closure of prison library where the claims being asserted were the same as presented in a prior habeas petition.)

Accordingly, the court finds petitioner's claims for equitable tolling unavailing and finds petitioner's federal habeas application to be untimely filed.

---

[20]Petitioner offers no reason for the 26 day delay in filing with the Louisiana Supreme Court.

[21]*See e.g. U.S. v. Freeman*, 2008 WL 2051759 (W.D. La., April 24, 2008)(In a §2255 action where defendant alleged law library was inadequate, equitable tolling inapplicable without a specific showing of materials or information that were unavailable).

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Robin Bunley be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 11th day of August, 2009.


**LOUIS MOORE, JR.**
**UNITED STATES MAGISTRATE JUDGE**